JOHN L. BURRIS, ESQ. (SBN 69888)
K. CHIKE ODIWE, ESQ. (SBN 315109)
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
chike.odiwe@johnburrislaw.com


Attorneys for Plaintiff
MALI WATKINS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALI WATKINS, an individual<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF ALAMEDA a municipal corporation; JOHN KAANEHE, individually and in his official capacity as a Police Officer for the CITY OF ALAMEDA; HARRIS SMILER, individually and in his official capacity as a Police Officer for the CITY OF ALAMEDA; ANTHONY BUCK, individually and in his official capacity as a Police Officer for the CITY OF ALAMEDA; JAMES FISHER, individually and in his official capacity as a Police Officer for the CITY OF ALAMEDA; KEVIN HORIKOSHI, individually and in his official capacity as a Police Officer for the CITY OF ALAMEDA; and DOES 1-50 inclusive,<br><br>Defendants. | CASE NO.:<br><br>COMPLAINT FOR DAMAGES<br>  (42 U.S.C. Section 1983 and pendent tort claims)<br><br>JURY TRIAL DEMANDED |

Complaint for Damages - 1

## INTRODUCTION

On May 23, 2020, at 7:45 a.m., at 2014 Central Avenue, Alameda, CA 94501, Mali Watkins was exercising/ dancing throughout his neighborhood as he did daily. As Mr. Watkins performed his exercises, two officers from the Alameda Police Department approached Mr. Watkins stopped and questioned him for no legitimate reason. Mr. Watkins explained to officers that he lives in the neighborhood and he was just exercising as he does every day. Without justification, the officers forcefully grabbed Mr. Watkins by both his arms and threw him against a parked vehicle. Moments later, two more officers from the Alameda Police Department arrived at the scene. As a collective, the officers pinned Mr. Watkins down to the ground, face first. The officers then forcibly handcuffed Mr. Watkins and threw him into the police vehicle.

As a result of the incident, Mr. Watkins suffered physical injuries and emotional distress.

## JURISDICTION

1.  This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the City of Alameda, County of Alameda, California, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367.

2.  Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

3.  Plaintiff MALI WATKINS (hereinafter "Plaintiff"), has been and is a resident of the state of California and is a United States Citizen.

4.  Defendant CITY OFALAMEDA (hereinafter "CITY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY has possessed the power and authority to adopt policies and

prescribe rules, regulations and practices affecting the operation of the Alameda Police Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant CITY was the employer of DOES Defendants, individually and as a peace officers.

5. At all times mentioned herein, Defendant JOHN KAANEHE, (hereinafter "KAANEHE") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the Alameda Police Department. Plaintiff contends Defendant KAANEHE, who was present at the scene of the subject-incident was an integral participant in the use of unreasonable force against Plaintiff, failed to intervene in the use of unreasonable force against Plaintiff and was negligent.

6. At all times mentioned herein, Defendant HARRIS SMILER (hereinafter "SMILER") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the Alameda Police Department. Plaintiff contends Defendant SMILER, who was present at the scene of the subject-incident was an integral participant in the use of unreasonable force against Plaintiff, failed to intervene in the use of unreasonable force against Plaintiff and was negligent.

7. At all times mentioned herein, Defendant ANTHONY BUCK (hereinafter "BUCK") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the Alameda Police Department. Plaintiff contends Defendant BUCK, who was present at the scene of the subject-incident was an integral participant in the use of unreasonable force against Plaintiff, failed to intervene in the use of unreasonable force against Plaintiff and was negligent.

8. At all times mentioned herein, Defendant JAMES FISHER (hereinafter "FISHER") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the Alameda Police Department. Plaintiff contends Defendant FISHER, who was present at the scene of the subject-incident was an integral participant in the use of unreasonable force against Plaintiff, failed to intervene in the use of unreasonable force against Plaintiff and was negligent.

9. At all times mentioned herein, Defendant KEVIN HORIKOSHI (hereinafter "HORIKOSHI") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the Alameda Police Department. Plaintiff contends Defendant HORIKOSHI, who was present at the scene of the subject-incident was an integral participant in the use of unreasonable force against Plaintiff, failed to intervene in the use of unreasonable force against Plaintiff and was negligent.

10. Plaintiff alleges Defendants DOES 1 through 25 are Alameda police officers and violated Plaintiff's civil rights, wrongfully injured him, arrested him without probable cause, and/or encouraged, directed, enable and/or ordered other defendants to engage is such conduct. Plaintiff will amend this Complaint to state the names and capacities of DOES 1 through 25, inclusive, when they have been ascertained.

11. Plaintiff is ignorant of the true names and capacities of Defendants DOES 26 through 50 inclusive, and therefore sue these Defendants by such fictious names. Plaintiff is informed and believe and thereon allege that each Defendant so named was employed by Defendant CITY at the time of the conduct alleged herein. Plaintiff alleges that each of Defendants DOES 26 through 50 were responsible for the training, supervision, and/or conduct of the Defendant Officers and/or agents involved in the conduct herein. Plaintiff alleges that each of Defendants DOES 26 through 50 was also responsible for and caused the acts and injuries alleged herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 26 through 50, inclusive, when they have been ascertained.

12. In engaging in the conduct described herein, Defendants and each of them acted within the course and scope of their employment for CITY. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by Defendant CITY.

## ADMINISTRATIVE PREREQUISITES

13. Plaintiff is required to comply with an administrative tort claim requirement under California law. Plaintiff timely filed a claim against the City of Alameda. Plaintiff has not yet

received notice that the City of Alameda rejected his claim. Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910.

**PRELIMINARY ALLEGATIONS**

14. The City of Alameda is a public entity and is being sued under Title 42 U.S.C. § 1983 for violations of the First, Fourth, and Fourteenth Amendments of the United States Constitution, California state law, the California Tort Claims Act, and the Government Code for the acts and omissions of DOES 1 through 50, and each of them, who, at the time they caused Plaintiff's injuries and/or damages, were duly appointed, qualified and acting officers, employees, and/or agents of City and acting within the course and scope of their employment and/or agency.

15. Each of the Defendants caused and is responsible for the unlawful conduct and resulting harm by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so, by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing to initiate and maintain proper and adequate policies, procedures and protocols, and by ratifying and condoning the unlawful conduct performed by agents and officers, deputies, medical providers and employees under their direction and control.

16. Whenever and wherever reference is made in this Complaint to any act by Defendants DOES 1 through 50, such allegations and references shall also be deemed to mean the acts and failures to act of each DOE Defendant individually, jointly, or severally.

**GENERAL ALLEGATIONS**

17. On May 23, 2020, at 7:45 a.m. Plaintiff MALI WATKINS was exercising throughout his neighborhood as he did every morning. MR. WATKINS' exercise routine essentially amounts to dancing.

18. As MR. WATKINS performed his exercises, Defendant SMILER and Defendant

BUCK approached MR. WATKINS stopped him and began to question him. MR. WATKINS informed Defendant SMILER and Defendant BUCK that he lives across the street and that he was doing his daily exercise/ dancing throughout the neighborhood.

19. Despite MR. WATKINS attempt to clarify the situation, Defendant SMILER and Defendant BUCK refused to let MR. WATKINS go and continued to question him.

20. For reasons unknown, Defendant SMILER and Defendant BUCK then forcibly grabbed MR. WATKINS by both arms and threw him against the rear of a parked vehicle. Confused as to why officers were treating him like this, MR. WATKINS cried out to his neighbors for help. An individual in the neighborhood attempted to reassure officers that MR. WATKINS did not do anything wrong, and that he dances/exercises throughout the neighborhood every day.

21. Moments later, Defendant FISHER and Defendant HORIKOSHI arrived at the scene. As a collective, all four officers threw MR. WATKINS down to the ground, face first, and forcibly placed him in handcuffs.

22. While the officers handcuffed MR. WATKINS Defendant KAANEHE arrived at the scene. Defendant KAANEHE watched Defendant SMILER, Defendant BUCK, Defendant FISHER, and Defendant HORIKOSHI use unreasonable force on MR. WATKINS and unlawfully arrest him. MR. WATKINS was then placed in the back of a patrol vehicle and underwent further questioning by Defendant KAANEHE.

23. MR. WATKINS never became aggressive or combative with officers. He calmly conducted himself throughout the entirety of the interaction with Defendants.

24. As a result of the incident, Mr. Watkins sustained physical injuries and emotional Distress. Plaintiff was also charged with various crimes associated with his arrest. The charges were dropped.

## DAMAGES

25. As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the First, Fourth, and Fourteenth Amendment, Plaintiff was physically, mentally, emotionally, and financially injured and damaged as a proximate result of Defendants' wrongful conduct.

26. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs

pursuant to statute(s) in the event that he is the prevailing party in this action under 42 U.S.C. §§ 1983 and 1988.  Plaintiff is also entitled to punitive damages under 42 U.S.C. §§ 1983 and 1988.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(Violation of the Fourth Amendment of the United States Constitution-Unlawful Detention)**
**(Against John Kaanehe, Harris Smiler, Anthony Buck, James Fisher, Kevin Horikoshi, and DOES 1-25)**

27. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 26 of this Complaint.

28. The above-described conduct of Defendants DOES 1-25 violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures because Defendants' lacked the requisite reasonable suspicion to detain Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(Violation of the Fourth Amendment of the United States Constitution-Unlawful Seizure)**
**(Against John Kaanehe, Harris Smiler, Anthony Buck, James Fisher, Kevin Horikoshi, and DOES 1-25)**

29. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 28 of this Complaint.

30. The above-described conduct of Defendants DOES 1-25 violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures because Defendants' lacked the requisite probable cause to arrest Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
**(42 U.S.C. Section 1983)**
**(Violation of the Fourth Amendment of the United States Constitution-Excessive Force)**
**(Against Against John Kaanehe, Harris Smiler, Anthony Buck, James Fisher, Kevin Horikoshi, and DOES 1-25)**

31. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 30 of this Complaint.

32. 42 U.S.C. § 1983 provides in part "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress."

33. Plaintiff had a firmly established right under the Fourth Amendment to be free from official infliction of physical abuse, assault, battery, and intentional infliction of emotional distress, unreasonable search and seizure, and to be free from excessive force being used against him.

34. Defendants' actions as described herein resulted in the deprivation of these constitutional rights.

35. Defendants, acting in the performance of their official duties, used excessive force against Plaintiff.

36. Plaintiff posed no threat to the Defendant Officers tackled Plaintiff to the ground.

37. There was no need for the use of any force against Plaintiff because he was calm, cooperative, and unresisting at all times during the incident.

38. The use of force in the brutalizing and tackling of Plaintiff was unnecessary, unreasonable, and excessive, and constituted unreasonable search and seizure.

39. In using excessive force, the Defendant Officers were acting in accordance with widespread informal practices and customs maintained by the City and Alameda Police Department, as elaborated upon in paragraphs 59-64.

40. Defendants, acting under the color of statute, ordinances, regulations, customs and usages of the State, knew that the use of force in these circumstances was illegal under clearly established law.

41. The conduct alleged herein caused Plaintiff to be deprived of his civil rights, which are protected under the United States Constitution. The conduct alleged herein has also legally, proximately, foreseeably, and actually caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

42. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Violation of the First Amendment of the United States Constitution-Questioning Police Action)
### (Against Against John Kaanehe, Harris Smiler, Anthony Buck, James Fisher, Kevin Horikoshi, and DOES 1-25)

43. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 42 of this Complaint.

44. At all times relevant herein, Plaintiff had a right to free speech and to protest police action, as afforded and provided by the First Amendment and protected against retaliation by the same and 42 U.S.C. § 1983.

45. Upon information and belief, Defendants chose to use and/or used excessive force against Plaintiff in retaliation for Plaintiff's exercising of his right to protest police action, liberty and free movement.

46. The conduct of Defendants was willful, wanton, malicious, and with reckless disregard for the rights and safety of Plaintiff

47. As a result of their misconduct, Defendants are liable for Plaintiff's physical, mental, and emotional injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(Violation of the Fourth Amendment of the United States Constitution-Denial of Medical Care)**
**(Against John Kaanehe, Harris Smiler, Anthony Buck, James Fisher, Kevin Horikoshi, and DOES 1-25)**

48. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 47 of this Complaint.

49. Despite repeatedly requesting medical treatment and care due to the injuries Plaintiff sustained as a result of the excessive force employed by Defendants, Defendants refused to timely summon medical care for Plaintiff thereby implicitly insisting that Plaintiff cruelly continue to suffer mental, physical and emotional pain.

50. The denial of medical care by Defendants deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures and to receive medical care, as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

51. As a result of the foregoing, Plaintiff suffered and continues to suffer great physical pain and emotional distress, including loss of full function and/or use of his arms, and loss of wages and earning capacity.

52. Defendants knew that failure to provide timely medical treatment to Plaintiff could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Plaintiff great bodily harm.

53. The conduct of Defendants was willful, wanton, malicious, and with reckless disregard for the rights and safety of Plaintiff

54. As a result of their misconduct, Defendants are liable for Plaintiff's physical, mental, and emotional injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

**SIXTH CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(Violation of the Fourth Amendment of the United States Constitution-Malicious Prosecution)**
**(Against John Kaanehe, Harris Smiler, Anthony Buck, James Fisher, Kevin Horikoshi, and DOES 1-25)**

55. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 54 of this Complaint.

56. Plaintiff's Fourth Amendment claim for Malicious Prosecution is based on the grounds that: (1) the defendants initiated a criminal proceeding against him; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

57. Defendants unlawfully arrested and took Plaintiff into custody. .

58. Defendants also never had sufficient evidence that Plaintiff unlawfully attempted to resist arrest. Nevertheless, Defendants still charged Plaintiff with associated crimes.

59. Defendants conduct in initiating a criminal proceeding against Plaintiff was conscience-shocking.

**SEVENTH CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(Monell - Municipal Liability for Unconstitutional Custom or Policy)**
**(Against Defendants City and DOES 26-50)**

60. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 55 of this Complaint.

61. On information and belief, Defendants DOES 1-25's conduct, individually and as peace officers, was ratified by City's police department supervisorial officers DOES 26-50.

62. On information and belief, Defendants were not disciplined for their use of excessive force against Plaintiff.

63. On and for some time prior to May 23, 2020 (and continuing to the present day), Defendants, individually and as peace officers, deprived Plaintiff of the rights and liberties secured to

him by the First, Fourth, and Fourteenth Amendments to the United States Constitution, in that said Defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff, and of persons in Plaintiff's class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

  a. Employing and retaining as police officers and other personnel, including Defendants, individually and as peace officers; who at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written City Police Department policies, including the use of excessive force, respect for the First Amendment, and permitting access to medical care;

  b. Of inadequately supervising, training, controlling, assigning, and disciplining City Police officers, and other personnel, including Defendants, who City knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force and denying access to medical care;

  c. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants, who are Police Officers employed by City;

  d. By failing to discipline City Police Officers' conduct, including but not limited to, unlawful seizures, excessive force, denying access to medical care, and violations of the First Amendment;

  e. By ratifying the intentional misconduct of Defendants and other officers, who are Police Officers employed by City;

  f. By having and maintaining an unconstitutional policy, custom and practice of arresting individuals without probable cause or reasonable suspicion, and using excessive force, which also is demonstrated by inadequate training regarding these

        subjects. The policies, customs and practices of Defendants were done with a deliberate indifference to individuals' safety and rights; and

      g. By failing to properly investigate claims of unlawful seizures and excessive force by City Police Officers.

64. By reason of the aforementioned policies and practices of Defendants, individually and as peace officers, Plaintiff was severely injured and subjected to pain and suffering and lost his life and earning capacity, for which Plaintiff is entitled to recover damages.

65. Defendants, individually and as peace officers, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

66. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, individually and as peace officers, acted with an intentional, reckless, and callous disregard for the rights of Plaintiff. Each of their actions was willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

67. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants, individually and as peace officers, were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## EIGHT CAUSE OF ACTION
### (Violation of California Civil Code §52.1)
**(Against Defendants County and John Kaanehe, Harris Smiler, Anthony Buck, James Fisher, Kevin Horikoshi, and DOES 1-25)**

68. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 67 of this Complaint.

69. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Plaintiff's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

70. As a direct and proximate result of Defendant's violation of Civil Code § 52.1, Plaintiff suffered violations of his constitutional rights, and suffered damages as set forth herein.

71. Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's fees, pursuant to Civil Code § 52.1(h).

72. Plaintiff is entitled to treble damages, but in no case less than $4,000.00 and an award of his reasonable attorney's fees, pursuant to Civil Code § 52(a).

73. Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### NINTH CAUSE OF ACTION
**(Battery)**
**(Against Defendants County and John Kaanehe, Harris Smiler, Anthony Buck, James Fisher, Kevin Horikoshi, and DOES 1-25)**

74. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 73 of this Complaint.

75. Defendants touched Plaintiff with the intent to harm or offend him.

76. Plaintiff did not consent to the touching and was harmed by it.

77. A reasonable person in Plaintiff's situation would have been offended by the touching.

78. Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

79. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## TENTH CAUSE OF ACTION
### (Assault)
**(Against Defendants County and John Kaanehe, Harris Smiler, Anthony Buck, James Fisher, Kevin Horikoshi, and DOES 1-25)**

80. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 81 of this Complaint.

81. Defendants' conduct caused Plaintiff to fear an imminent battery.

82. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## ELVENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
**(Against John Kaanehe, Harris Smiler, Anthony Buck, James Fisher, Kevin Horikoshi, and DOES 1-25)**

83. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 82 of this Complaint.

84. Defendants' conduct as described herein was outrageous.

85. Defendants intended to cause Plaintiff emotional distress.

86. Defendants acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff was present when the conduct occurred.

87. Plaintiff suffered severe emotional distress from Defendants' harassment.

88. Defendants' conduct as described herein was a substantial factor in causing Plaintiff's severe emotional distress.

89. Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

90. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## TWELFTH CAUSE OF ACTION
(Negligence)
**(Against Against John Kaanehe, Harris Smiler, Anthony Buck, James Fisher, Kevin Horikoshi, County, and DOES 1-50)**

91. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 90 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

92. The present action is brought pursuant to section 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, all named defendants and DOES 1-25, as public employees, are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, all named Defendants and Defendants DOES 1-25 were acting within the course and scope of their employment and/or agency with Defendant City. As such Defendant City is liable in respondeat superior for the injuries caused by the acts and omissions of all named Defendants and Defendants DOES 1-25, pursuant to section 815.2 of the California Government Code.

93. Defendants acted negligently in their use of force against Plaintiff and in their conduct committed against Plaintiff

94. Plaintiff was harmed and Defendants' negligence was a substantial factor in causing his harm.

95. Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

96. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum according to proof;

2. For special damages in a sum according to proof;

3. For punitive damages in a sum according to proof as to Defendants DOES 1-25;

4. For reasonable attorney's fees, pursuant to 42 U.S.C. Section 1988;

5. For any and all statutory damages allowed by law;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

**Law Offices of John L. Burris**

Dated: August 06, 2021                     __/s/ *John L. Burris* _____ __
                                            John L. Burris
                                            Attorney for Plaintiff